1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT
7                       FOR THE DISTRICT OF ARIZONA
8
9    Charles Guy Garten,                  )    No. CV-13-227-PHX-ROS (LOA)
                                          )
10              Petitioner,               )    **REPORT AND RECOMMENDATION**
                                          )
11   vs.                                  )
                                          )
12                                        )
     John Baldwin, et al.,                )
13                                        )
                Respondents.              )
14                                        )
     _____)
15
16          This matter is before the Court on Petitioner's *pro se* Second Amended Petition for
17   Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, in which Petitioner challenges his
18   criminal convictions in Maricopa County Superior Court, State of Arizona, Case No. CR
19   2008-009415-001 DT. (Doc. 6)  Respondents have filed an Answer to the Second Amended
20   Petition for Writ of Habeas Corpus and Petitioner has filed a Reply. (Docs. 13, 14)  As
21   explained below, this undersigned Magistrate Judge recommends the Second Amended
22   Petition be denied as untimely.

**I. Background**

23       **A. Trial and Sentencing**

24          On December 24, 2008, the State of Arizona indicted Petitioner on seven counts of
25   Sexual Conduct with a Minor, Class 2 felonies and dangerous crimes against children
26   (Counts 1 and 6-11); two counts of Molestation of a Child, Class 2 felonies and dangerous
27   crimes against children (Counts 2 and 3); one count of Sexual Abuse, a Class 3 felony and
28

and dangerous crime against children (Count 4); one count of Furnishing Obscene or Harmful Items to Minors, a Class 4 felony (Count 5); and ten counts of Sexual Exploitation of a Minor, Class 2 felonies and dangerous crimes against children (Counts 12-21). (Doc. 13, Exhibit ("Exh.") A) The facts underlying the charges were derived from a police investigation that revealed Plaintiff had sexual contact with a twelve and thirteen year old girl. (Doc. 13, Exh. K) A summary of the Phoenix Police Departmental Reports regarding the investigation is contained in the Presentence Investigation prepared by the Maricopa County Adult Probation Department and need not be repeated here as it has no bearing on the timeliness of the Second Amended Petition. (*Id.*)

On November 18, 2010, Petitioner entered a plea agreement in which he pled guilty to Count 2, Molestation of a Child, amended Count 6, Attempted Molestation of a Child and amended Count 12, Attempted Sexual Exploitation of a Minor. (Doc. 13, Exhs. H, I and J) On December 21, 2010, the trial court[1] sentenced Petitioner to seventeen years in prison on Count 2 and ordered the prison sentence to run consecutively to a twenty year prison sentence previously imposed by the State of Iowa. (Doc. 13, Exhs. M, N) Additionally, the trial court ordered Petitioner to serve concurrent terms of lifetime probation on Counts 6 and 12 to begin upon Petitioner's discharge from prison. (*Id.*)

**B. State Post-Conviction Proceedings**[2]

On February 3, 2011, Petitioner filed a Notice of Post-Conviction Relief. (Doc. 13, Exh. Q) After the trial court appointed counsel to represent Petitioner, counsel requested, and was granted, two extensions of time to file a petition because Petitioner had been moved back to an Iowa prison. (Doc. 13, Exhs. S, U, V, W and X) On September 1, 2011, Petitioner's counsel filed a Notice of Completion of Post-Conviction Review by Counsel; Request for 45 Day Extension of Time to Allow Defendant to File *Pro Per* Petition for Post-Conviction

---

[1] The Honorable Christopher T. Whitten presided over Petitioner's change of plea and sentencing hearings.

[2] Under Arizona law, by pleading guilty, Petitioner waived his right to a direct appeal. *See* A.R.S. § 13-4033(B).

1    Relief. (Doc. 13, Exh. Y) In the Notice, counsel explained that after reviewing the record,

2    including the trial court's minute entries, transcripts of the change-of-plea and sentencing

3    hearings, and correspondence from Petitioner, he could find no colorable claims to raise in

4    a post-conviction petition. (*Id.*)  Pursuant to counsel's request, the trial court then granted

5    Petitioner a forty-five day extension to file a *pro se* petition for post-conviction. (Doc. 13,

6    Exh. AA)  When Petitioner failed to file a *pro se* petition, the trial court dismissed the post-

7    conviction proceeding in an order filed on November 25, 2011. (Doc. 13, Exh. EE)

8    Petitioner did not seek review of the trial court's decision in the Arizona Court of Appeals.

9    (Doc. 13, Exh. FF)

10    **C. Federal Habeas Petition**

11    On January 18, 2013, Petitioner filed his Petition for Writ of Habeas Corpus in this

12    District Court.[3] (Doc. 1)  After the assigned District Judge dismissed the original petition and

13    an amended petition, Petitioner filed a Second Amended Petition for Writ of Habeas Corpus.

14    (Docs. 3, 5 and 6)  Petitioner raises three grounds for relief in the Second Amended Petition.

15    (Doc. 6 at 6-8)  In Ground One, Petitioner alleges that, after he signed the plea agreement,

16    it was altered to require the Arizona prison sentence to begin after the Iowa prison sentence

17    is completed. In Ground Two, Petitioner alleges his attorney told him there was a plea offer

18    that called for a ten-year prison sentence. Petitioner claims he was never given a copy of that

19    agreement. In Ground Three, Petitioner alleges ineffective assistance of counsel based on his

20    lawyer's failure to raise at the sentencing hearing the issues Petitioner identifies in Grounds

21    One and Two. On August 20, 2013, Respondents filed their Answer to the Second Amended

22    Petition for Writ of Habeas Corpus. (Doc. 13)  Petitioner then filed his Reply on October 4,

23    2013. (Doc. 14)

24

25    _____

26    [3] The docket reflects the petition was actually filed on February 4, 2013. (Doc. 1) The
     January 18, 2013 filing date is the date Petitioner signed the petition, doc. 1 at 11, and
27    reflects the application of the prison mailbox rule, *i.e.*, a petition is deemed filed on the date
     it is delivered to prison authorities for mailing. *See Jenkins v. Johnson*, 330 F.3d 1146, 1149
28    n. 2 (9th Cir. 2003).

**II. Discussion**

Respondents argue the Second Amended Petition should be dismissed as time-barred because it was not filed within the applicable statute of limitations period. Alternatively, Respondents contend Petitioner failed to fairly present his claims in State court, rendering them procedurally defaulted. Because the information presented clearly establishes the Second Amended Petition was filed after the limitations period expired, the undersigned Magistrate Judge finds the Second Amended Petition is barred and recommends it be denied on that basis. It is, therefore, unnecessary to address Respondents' alternative arguments.

**A. Legal Standards**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"[4]) imposes a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. *See* 28 U.S.C. § 2244(d)(1). The statute provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

An "of-right" petition for post-conviction review under Arizona Rule of Criminal Procedure 32, which is available to criminal defendants who plead guilty, is a form of

---

[4] The AEDPA, which was signed into law on April 24, 1996, governs federal habeas petitions filed after the date of its enactment. *Lindh v. Murphy*, 521 U.S. 320, 326-327 (1997).

"direct review" within the meaning of 28 U.S.C. § 2244(d)(1)(A). *Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007). Therefore, in plea agreement cases, the judgment of conviction becomes final upon "the conclusion of the Rule 32 of-right proceeding and review of that proceeding or [upon] the expiration of the time for seeking such proceeding or review." *Id.*

Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2); *Lott v. Mueller*, 304 F.3d 918, 921 (9th Cir. 2002). An application for post-conviction relief remains "pending" for purposes of the tolling provision in § 2244(d)(2) until it achieves final resolution through the State's post-conviction procedure. *Carey v. Saffold*, 536 U.S. 214, 219-220 (2002). A post-conviction petition is "clearly pending after it is filed with a state court, but before that court grants or denies the petition." *Chavis v. Lemarque*, 382 F.3d 921, 925 (9th Cir. 2004). In Arizona, post-conviction review is pending once a notice of post-conviction relief is filed even though the petition itself may not be filed until later. *Isley v. Arizona Department of Corrections*, 383 F.3d 1054, 1056 (9th Cir. 2004) ("[W]e hold that Isley's state petition was "pending" within the meaning of 28 U.S.C. § 2244(d)(2) and he was entitled to tolling from the date when the Notice was filed. The district court erred in dismissing his petition as untimely.").

The AEDPA's statute of limitations is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). For equitable tolling to apply, a petitioner must show "(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstances stood in his way" that prevented him from filing a timely petition. *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted).

**B. Analysis**

**1. Limitations Period**

Here, after Petitioner was sentenced on December 21, 2010, he filed a timely Notice of Post-Conviction Relief on February 3, 2011. *See* Ariz.R.Crim.P. 32.4(a) (providing that

a petitioner has ninety days from the entry of judgment and sentence to file an "of-right" petition for post-conviction relief). The post-conviction proceeding remained pending until the trial court issued a dismissal order on November 25, 2011 after Petitioner failed to file a *pro se* petition for post-conviction relief. Petitioner then had thirty days to seek review of the trial court's decision, which he failed to do. *See* Ariz.R.Crim.P. 32.9(c) (providing that a petitioner has thirty days from the trial court's decision to file a petition for review). Thus, the judgment of conviction became final, and the limitations period began to run, on December 26, 2011, the day after the thirty-day period for seeking review expired. *See Summers*, 481 F.3d at 711 (holding that a judgment of conviction pursuant to a guilty plea becomes "final" for purposes of § 2244(d)(1)(A) upon the conclusion of a Rule 32 of-right proceeding and review of that proceeding or upon the expiration of the time for seeking such proceeding or review). The limitations period ran uninterrupted until it expired one year later on December 26, 2012. Petitioner filed his habeas petition on January 18, 2013, more than three weeks after the limitations period expired. The habeas petition is, therefore, untimely.[5]

## 2. Equitable Tolling

As referenced above, the limitations period set forth in § 2244(d) is subject to equitable tolling where a petitioner shows he has been pursuing his rights diligently and that extraordinary circumstances prevented him from filing a timely petition. *Holland*, 130 S.Ct. at 2562. Equitable tolling is applied sparingly, as reflected by the "extraordinary circumstances" requirement. *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). Equitable tolling is unavailable in most cases. *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (stating that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.") (citation omitted). An "external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part.'" *Waldron-Ramsey*, 556 F.3d at

---

[5] Because Petitioner's original Petition for Writ of Habeas Corpus is untimely, it is unnecessary to decide whether Petitioner's Second Amended Petition for Writ of Habeas Corpus relates back to the date of the original under Fed.R.Civ.P. 15(c).

1011(quoting *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008)). A *pro se* petitioner's

ignorance of the law and lack of legal sophistication do not constitute "extraordinary

circumstances" warranting equitable tolling. *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th

Cir. 2006) (collecting cases from other circuits and holding that "a *pro se* petitioner's lack

of legal sophistication is not, by itself, an extraordinary circumstance"); *see also Johnson v.*

*United States*, 544 U.S. 295, 311 (2005) (in the 28 U.S.C. § 2255 context, rejecting

movant/prisoner's attempt to justify his lack of diligence on his *pro se* status and lack of legal

sophistication and stating: "we have never accepted *pro se* representation alone or procedural

ignorance as an excuse for prolonged inattention when a statute's clear policy calls for

promptness"); *Waldron-Ramsey*, 556 F.3d at 1013 n. 4 ("a pro se petitioner's confusion or

ignorance of the law is not, itself, a circumstance warranting equitable tolling"), *cert. denied*,

558 U.S. 897 (2009). A petitioner seeking equitable tolling bears the burden of demonstrating

it is warranted in his habeas case. *Doe v. Busby*, 661 F.3d 1001, 1011 (9th Cir. 2011) (citing,

*inter alia*, *Holland*, 130 S.Ct. at 2562).

Here, Petitioner fails to explicitly request equitable tolling in the Second Amended

Petition or in the Reply. In the section of the Second Amended Petition that directs Petitioner

to explain why the statute of limitations does not bar the petition, Petitioner states that

because he is in an Iowa prison, he has limited access to Arizona legal materials. (Doc. 6 at

11) He states he has to rely on others outside the prison to obtain addresses and other

information so he can send papers to the District Court. Petitioner repeats this explanation

in his Reply. (Doc. 14)

The undersigned Magistrate Judge finds Petitioner has failed to show he is entitled to

equitable tolling. Petitioner had from December 26, 2011 to December 26, 2012 to file his

habeas petition in this District Court. The only reasons he provides for his failure to file a

timely petition are that, as an Iowa prisoner, he has limited access to Arizona legal materials,

and he has to rely on people outside the prison for help. These reasons are insufficient to

satisfy the high standard for equitable tolling. These explanations fail to demonstrate

Petitioner has been pursuing his rights diligently and that extraordinary circumstances

prevented him from filing a timely petition. Accordingly, Petitioner is not entitled to equitable tolling of the limitations period.

**C. Conclusion**

For the foregoing reasons, this Magistrate Judge finds Petitioner submitted his initial habeas petition after the limitations period expired, and the circumstances do not support the application of equitable tolling. Consequently, the Second Amended Petition is barred by the AEDPA's statute of limitations.

Based on the foregoing,

**IT IS RECOMMENDED** that the Second Amended Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, doc. 6, be **DENIED**;

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because dismissal of the Second Amended Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

1    This recommendation is not an order that is immediately appealable to the Ninth

2    Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

3    Appellate Procedure, must not be filed until entry of the District Court's judgment. The

4    parties have 14 days from the date of service of a copy of this recommendation within which

5    to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P.

6    6(a), (b), and 72. Thereafter, the parties have 14 days within which to file a response to the

7    objections. Failure to timely file objections to the Magistrate Judge's Report and

8    Recommendation may result in the acceptance of the Report and Recommendation by the

9    district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121

10   (9th Cir. 2003). Failure to timely file objections to any factual determinations of the

11   undersigned Magistrate Judge will be considered a waiver of a party's right to appellate

12   review of the findings of fact in an order of judgement entered pursuant to the Magistrate

13   Judge's recommendation. *See* Fed.R.Civ.P. 72.

14        DATED this 14th day of March, 2014.

15

16

17                                    Lawrence O. Anderson
                                      United States Magistrate Judge

18

19

20

21

22

23

24

25

26

27

28